UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -
                                            :
DANUTA SZEWCZYK,                            :
                                            :                15-cv-2468
                      Plaintiff,            :
                                            :              OPINION & ORDER
        -against-                           :
                                            :
CITY OF NEW YORK, *et al.*,                 :
                                            :
                      Defendants.           :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

                <u>Pro se</u> Plaintiff Danuta Szewczyk brings a plethora of discrimination claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") against the City of New York, as well as Department of Citywide Administrative Services ("DCAS") employees Christopher Lane, Bhavna Raval, Amaneshoa Dashew, Malgorzata Pociask, Equal Employment Opportunity Director Ryan Fisher, Equal Employment Opportunity Officer Belinda French (together, the "EEO Defendants"), and DCAS General Counsel Suzanne Lynn.  The gravamen of Szewcyzk's complaint is that Defendants refused to hire her because of her gender (female), race (white), religion (Catholic), national origin (Polish), age (late 50s), disability (none identified) and unemployment status.   Szewcyzk also brings retaliation, libel, and slander claims.

                Defendants move to dismiss the Amended Complaint in its entirety.  Defendants' motion to dismiss is granted with prejudice with respect to all claims except the unemployment discrimination claim.  In addition, all claims against the EEO Defendants and Lynn are dismissed with prejudice.  Because there is no clear basis for federal subject-matter jurisdiction over

Plaintiff's NYCHRL unemployment discrimination claim, it is dismissed without prejudice to being refiled in state court.

BACKGROUND

The following facts are gleaned from the Amended Complaint (ECF No. 34) and Szewczyk's Affirmation in Opposition to Defendants' Motion for Dismissal (ECF No. 44 ("Pl's Opp.")).  They are presumed true for the purposes of this motion.[1]

Szewczyk is a fifty-eight-year-old Roman Catholic woman of Polish descent. (Pl's Opp. at 3.)  She has a Master's Degree in Civil Engineering from the New Jersey Institute of Technology as well as Master's and Bachelor's degrees in Engineering from Poland.  (Pl's Opp. at 3.)  Szewczyk has been unemployed since 2010 but worked previously in civil engineering, auditing, and investigation.  (Am. Compl. at 3.)  On July 17, 2014 Szewczyk applied for an Assistant Civil Engineer position within DCAS.  (Am. Compl. at 3.)  The job posting on DCAS's website stated in bold font that "[o]nly candidates who are permanent in the title of Assistant Civil Engineer should apply."  (Am. Compl. at 3.)

On July 22, 2014, Defendants Christopher Lane (the Director of Internal Audits), Bhavna Raval, Amaneshoa Dashew, and Malgorzata Pociask interviewed Szewczyk.  (Am. Compl. at 4.)  During the interview, Lane noted gaps in Szewczyk's resume and asked how long she had been unemployed.  (Am. Compl. at 3.)  Szewczyk told Lane she had been unemployed for four years.  In response, Lane "accelerated the interview to rocket speed" and "was not interested in [Szewczyk's] story."  (Pl's Opp. at 5–6.)  Szewczyk was not offered the engineering

---

[1] "A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion" to determine whether those additional allegations state a claim.  Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

position.  After inquiring why she was not hired, Raval told Szewczyk that she would not get a job with DCAS because her resume had gaps.  (Am. Compl. at 3–4.)

The interview team described Szewczyk as "aggressive and confrontational" with insufficient technical skills for the position.  (Pl's Opp. at 5.)  Given her education level and previous job experience, Szewczyk believes she was given these reviews due to her unemployment status.  (Pl's Opp. At 5.)  Szewczyk also suggests that there is a long history of discrimination against Polish Roman-Catholics by the City of New York.  She alleges the City is practicing "ethnic and religion favoritism" by favoring "Russian speaking Jewish immigrants." (Pl's Opp. at 3.)  She also alleges the City refused to hire her because she was a "white woman who dared to show up with a [sic] blue eyes for an interview."  (Pl's Opp. at 11.)[2]

DCAS interviewed eight other candidates for the position—seven males and one female.  (Am. Compl. at 3.)  DCAS hired Aleksandr N. Soni, an engineer employed at the time of the interview by the New York City Parks and Recreation Department.  (Am. Compl. at 3.) Szewczyk alleges Soni was from the former Soviet Union and "not Roman Catholic."  (Pl's Opp. at 3.)

Szewczyk filed a charge of discrimination with the New York State Division of Human Rights and with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 3, 2014.  (Am. Compl. at Ex. 3.)  On December 23, 2014 the EEOC issued a letter stating that the commission was "unable to conclude that the information obtained establishes violations of the statutes."  (Am. Compl. at Ex. 4.)  Szewczyk filed this action on March 31, 2015.

---

[2] Szewczyk takes her allegations a step further by comparing Defendants' actions against her to those of Nazi war criminals tried in Nuremberg.  (Pl. Opp. at 7.)

LEGAL STANDARD

On a motion to dismiss, the factual allegations in a complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor.  Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).  However, the "factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions 'to raise the strongest arguments they suggest.'"  Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal citations omitted).  "These liberal pleading rules apply with particular stringency to complaints of civil rights violations."  Phillip v. Univ. of Rochester, 316 F.3d 291, 293–94 (2d Cir. 2003).  Nevertheless, courts need not accept as true "conclusions of law or unwarranted deductions of fact."  First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal citations omitted).

DISCUSSION

I.   Failure to Hire

To establish a prima facie discriminatory failure-to-hire claim, Szewczyk must plausibly plead that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified and applied for an open position for which the defendants were seeking applicants; (3) [s]he was rejected for the position; and (4) . . . the position was offered to a person not in plaintiff's

protected class, with the touchstone being whether the circumstances could reasonably be read as supporting an inference of discrimination." Gaffney v. Dep't of Info. Tech. & Telecom., 536 F. Supp. 2d 445, 462 (S.D.N.Y. 2008). At the pleadings stage, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

Szewczyk sufficiently pleads that she was qualified for the engineering position. She achieved a perfect score on a civil service test to qualify for the interview, and has a Master's Degree in Civil Engineering from New Jersey Institute of Technology, as well as a Master's Degree and Bachelor's degree in Engineering from Poland. (Pl's Opp. at 3.) Szewczyk also states she has "excellent experience in US corporations which matched the needs" of the audit engineering position. (Pl's Opp. at 10.) Thus, the key question for each of Plaintiff's discrimination claims is whether she has plausibly pled an inference of discrimination.

A. Gender, Race, Religion, & National Origin Discrimination

Szewczyk alleges her non-selection by DCAS was discriminatory and based on her gender (female), race (white), religion (Roman-Catholic), and national origin (Poland). Szewczyk brings these claims under Title VII, the NYSHRL, and the NYCHRL.[3]

Szewczyk asks this Court to infer gender discrimination based on the fact that only two out of the nine candidates interviewed were women. (Am. Compl. at 3.) Yet Szewczyk notes that two of her interviewers were women, and somewhat conflictingly asserts that New York City favors "women from [the] former Soviet Union and Asia." (Pl's Opp. at 10 (emphasis added).) In short, Szewczyk fails to plead any facts indicating that DCAS' decision

---

[3] "On a motion to dismiss, New York courts examine claims under the NYSHRL and the NYCHRL 'with the same analytical lens as corresponding Title VII–based claims.'" Alvarez v. Rosa, No. 11-CV-3818 (KBF), 2012 WL 651630, at *4 (S.D.N.Y. Feb. 28, 2012) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)).

was based on her gender.  Therefore, the gender discrimination claims are dismissed.  See Sethi v. Narod, 12 F. Supp. 3d 505, 536 (E.D.N.Y. 2014) ("Plaintiff's mere subjective belief that [s]he was discriminated against . . . does not sustain a . . . discrimination claim.") (quotation marks and citation omitted).

Similarly, Szewczyk does not plead facts from which this Court could reasonably infer a nexus between her race, religion, or national origin and Defendants' decision not to hire her.  A recent failure-to-hire case brought by Szewczyk in the Eastern District of New York illustrates the insufficiency of her allegations here.  In Szewczyk v. City of New York, No. 15-cv-918 (MKB), 2016 WL 3920216 (E.D.N.Y. July 14, 2016), the Eastern District judge sustained Szewczyk's national origin and religious discrimination clams where an interviewer allegedly directly referenced Szewczyk's national origin and gestured towards her eyes during the interview.  The court held that those comments, coupled with clear allegations that Szewczyk was more qualified than the candidate who was hired, were sufficient to infer a discriminatory motive on the pleadings.

Here, by contrast, Szewczyk relies on arcane historical anecdotes to buttress her claims.  For example, references to World War II-era "Balkan mountain region guerrillas" that persecuted "innocent blue eyed peoples" (Pl. Opp. at 10), or references to a female Polish medical student who may have been discriminated against in 1849 (Pl. Opp. at 10–11), simply have no bearing on this action.  Similarly, this Court need not credit Szewczyk's conclusion—purportedly based on a review of public records—that New York City favors "Russian speaking Jewish Immigrants."  (Am. Compl. at 2–4.)  See Vlad-Berindan v. MTA NYC Transit, No. 14-CV-675 (RJS), 2014 WL 6982929, at *9 (S.D.N.Y. Dec. 10, 2014) ("Courts have dismissed failure-to-hire cases in which plaintiffs have alleged significant under-representation of members

of their protected classes in the defendant-employers' staffs.")  Accordingly, Plaintiff's claims

for gender, race, religion, and national original discrimination are dismissed.

      B.  <u>Age Discrimination</u>

      Szewczyk also alleges that DCAS discriminated against her based on her age in

violation of the ADEA, NYSHRL, and NYCHRL.[4]  As a preliminary matter, Szewczyk is

protected under the ADEA because she is older than 39.  <u>See</u> 29 U.S.C. § 631(a).  That said,

Szewczyk fails to plead any facts from which this Court could infer age discrimination.

      Again, Szewczyk's case pending in the Eastern District of New York highlights

the insufficiency of her age-discrimination claims here.  In the Eastern District case, Szewczyk

alleged that the interviewers made direct references to her age, including a comment that she was

"too old."  <u>Szewczyk</u>, 2016 WL 3920216, at *11 & n.9.  Here, Szewczyk's only support for an

inference of age discrimination is that Soni, the candidate the City hired, was under forty.  That

alone is insufficient to plausibly plead that age was the "but for" cause of Defendants' decision

not to hire her.  Accordingly, Plaintiff's age-discrimination claim is dismissed.  <u>See</u> <u>Vlad-</u>

<u>Berindan</u>, 2014 WL 6982929, at *10 (dismissing ADEA claim where plaintiff did not "allege

any facts in support of her conclusory statement that she was not hired" because she was over

forty years old).[5]

---

[4] "For the most part, age-discrimination claims under the ADEA, NYSHRL, and NYCHRL are analyzed under the same standard."  <u>Delville v. Firmenich Inc.</u>, 920 F. Supp. 2d 446, 458 (S.D.N.Y. 2013) (internal quotation marks omitted).

[5] Because Plaintiffs' Title VII and ADEA claims have been dismissed on the merits, this Court need not address Defendants' argument that they are untimely.

C.  Disability Discrimination

Szewczyk brings a disability discrimination claim under the Americans with Disability Act ("ADA"), the NYSHRL, and the NYCHRL.[6]  In order to state a valid ADA discrimination claim, Szewczyk must show "[s]he was disabled within the meaning of the ADA."  Hernandez v. Int'l Shoppes, 100 F. Supp. 3d 232, 256 (E.D.N.Y. 2015).  Szewczyk fails to identify any disability or perceived disability that would entitle her to protection under the ADA, NYSHRL, or NYCHRL.  Accordingly, her disability-discrimination claim is dismissed.

II.  Retaliation

Szewczyk alleges that Defendants retaliated against her for filing a discrimination complaint.[7]  But Szewczyk does not identify any retaliatory action taken by Defendants after the filing of her complaint.  Accordingly, her retaliation claim is dismissed.  See Vlad-Berindan, 2014 WL 6982929, at *11 ("While [the plaintiff] has since engaged in 'protected activity' by making a charge to the EEOC and filing the instant case, such activity occurred after the alleged adverse employment action.  [Plaintiff]'s retaliation claim should therefore be dismissed.").

III.  Dismissal of Individual Defendants

Szewczyk's claims against the EEO Defendants and Suzanne Lynn are premised on the fact that they are "public servants" who "did nothing to correct harm" against her.  (Am. Compl. at 4).  However, in order to be liable for any discriminatory adverse employment action, a defendant's action toward the plaintiff must be "materially adverse" with respect to "the terms

---

[6] "[T]he analysis . . . under the ADA is identical to the analysis used in considering such claims under the NYSHRL and the NYCHRL."  Pruitt v. Metcalf & Eddy Inc., No. 03-cv-4780 (DF), 2006 WL 39621, at *9 n.7 (S.D.N.Y. Jan. 6, 2006).

[7] "[T]here is substantial overlap between the elements of NYCHRL claims for . . . retaliation . . . and analogous claims under Title VII " and the NYSHRL.  Abe v. New York University, No. 14-CV-9323 (RJS), 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016).

and conditions of employment." <u>Sanders v. New York City Human Res. Admin.</u>, 361 F.3d 749,

755 (2d Cir. 2004).  The Amended Complaint does not allege that either the EEO Defendants, or

Lynn in her role as DCAS general counsel, had any influence on the decision not to hire

Szewczyk.  Accordingly, all claims against the EEO Defendants and Lynn are dismissed.

IV.     <u>Jurisdiction over Remaining Claims</u>

All of Plaintiffs' federal claims have been dismissed.  "It is well settled that

where, as here, the federal claims are eliminated in the early stages of litigation, courts should

generally decline to exercise pendent jurisdiction over remaining state law claims.  In deciding

whether to exercise jurisdiction over supplemental state-law claims, district courts should

balance the values of judicial economy, convenience, fairness, and comity." <u>Klein & Co.</u>

<u>Futures v. Bd. of Trade of City of New York</u>, 464 F.3d 255, 262 (2d Cir. 2006) (internal citations

omitted).

Here, the values of judicial economy and convenience weigh in favor of

addressing Plaintiffs' libel and slander claims because they are clearly baseless.  As an initial

matter, Szewczyk's libel and slander claims against the City of New York must be dismissed in

view of her failure to provide a notice of claim against the City as required by N.Y. Gen. Mun.

Law § 50–e.  <u>See</u> <u>O'Diah v. New York City</u>, No. 02-cv-274 (DLC), 2003 WL 182932, at *1–2

(S.D.N.Y. Jan. 28, 2003) (dismissing a <u>pro se</u> plaintiff's defamation action for failure to comply

with New York's notice of claim statute).  Moreover, "[i]t is well settled in New York that

statements made in quasi-judicial proceedings, including proceedings by agencies such as the

EEOC, are protected by an absolute privilege." <u>Farzan v. Wells Fargo Bank</u>, No. 12-cv-1217

(RJS) (JLC), 2013 WL 474346, at *4 (S.D.N.Y. Jan. 25, 2013) (citation omitted).  Accordingly,

because Szewczyk's libel and slander claims are premised on alleged misrepresentations during the EEOC's investigation (Am. Compl. at 4.), those claims must be dismissed.

On the other hand, the values of fairness and comity militate against the exercise of jurisdiction over Szewczyk's unemployment discrimination claim.  In January 2013, the New York City Council amended the NYCHRL—a local ordinance prohibiting discrimination based on race, gender, sexual orientation, and disability—to prohibit discrimination based on a job applicant's "unemployment status."  The amendment was opposed by the New York City Bar's Civil Rights Committee, which raised concerns "that the bill [would] increase[e] uncertainty and compliance costs without necessarily enhancing employment opportunities for the intended beneficiaries." [8]  It was also vetoed by Mayor Bloomberg, who warned that the "misguided" effort would "damage a lot of small businesses" because "any rational employer . . .would[] want to know what you've been doing for a period of time." [9]  Nevertheless, the New York City Council overrode the Mayor's veto and passed "the most sweeping protections and rights for unemployed job applicants in the country." [10]

The statute now states in relevant part:

(a). . . [A]n employer . . . shall not base an employment decision with regard to hiring . . . on an applicant's unemployment. . . (2) . . . [N]o employer . . . shall publish . . . an advertisement for any job vacancy in this city that contains . . . : (a) any provision stating or indicating that being currently employed is a requirement or qualification for the job.  (b) Paragraph (a) of this subdivision shall not be construed to prohibit an employer, employment agency, or

---

[8] New York City Bar, Report on Legislation by The Civil Rights Committee (2013), http://www2.nycbar.org/pdf/report/uploads/20072446-UnemploymentDiscrimination.pdf.

[9] See Dana Rubinstein, Bloomberg calls Quinn's unemployment-discrimination effort 'misguided', Politico (January 23, 2013, 1:24 p.m.), http://www.politico.com/states/new-york/albany/story/2013/01/bloomberg-calls-quinns-unemployment-discrimination-effort-misguided-000000.

[10] Katharine H. Parker and Daniel L. Saperstein, Unintended Effect of City's Unemployment Discrimination Law, N.Y. L. J., June 5, 2013 at 1.

agent thereof from: considering an applicant's unemployment,
where there is a substantially job-related reason for doing so . . . .

(N.Y.C. Admin. Code § 8-107(21)(a)(1)–(b)(1).)  Szewczyk alleges the job posting itself

violated the NYCHRL because it stated in bold font that "[o]nly candidates who are permanent

in the title of Assistant Civil Engineer should apply."  (Am. Compl. at Ex. 1.)  In addition to the

potentially problematic job posting, Szewczyk alleges that Lane asked questions about the length

of her unemployment, and that both Lane and Raval made unfavorable statements to Szewczyk

about the gaps on her resume.  (Pl.'s Opp. at 6.)  Raval even told Szewczyk that she would not be

hired by DCAS because of those gaps.  (Am. Compl. at 3.)  These allegations indicate that the

City might have trouble complying with its own vexing regulation; the City, however, asserts

that it is protected under the statutory safe harbor allowing employers to question a candidate's

employment history if there is a "substantially job-related reason" for the consideration.  N.Y.C.

Admin. Code § 8-107(21)(b)(1)(a).

Given the uniqueness of the NYCHRL's provisions, coupled with the paucity of

relevant case law and lack of federal claims in this case, this Court declines to exercise

jurisdiction over this claim.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a

claim is granted with prejudice with respect to Plaintiff's gender, race, religion, national origin,

age, and disability discrimination claims as well as her retaliation, libel, and slander claims.  In

addition, all claims against Defendants Fisher, French and Lynn are dismissed with prejudice.

The unemployment discrimination claim under the New York City Human Rights Law against

the remaining Defendants is dismissed without prejudice to it being refiled in a New York State

court.

11

The Clerk of Court is directed to terminate any pending motions, close this case, and mail a copy of this Opinion and Order to the pro se Plaintiff.

Dated: September 9, 2016
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

12